Justice W. JONES
specially concurring.
I agree with the majority that the Commission applied incorrect legal standards in this case. Whether a claimant has reached MMI is not determinative of whether continued care is reasonable. Palliative treatment may be, but is not necessarily, reasonable, even where it turns out to be ineffective in retrospect. Accordingly, I concur with the majority’s conclusion to vacate the Commission’s denial of benefits and remand for further proceedings.
I write in order to emphasize that this Court has vacated, and not reversed, the Commission’s conclusion that the continued prescription of opioids to Rish was unreasonable. Opioids are highly addictive and can cause significant harm to a patient over time. While palliative care can, and often does, reasonably include the temporary prescription of opioids for pain relief, an indefinite prescription of opioids may cause more harm than good. It is proper for the Commission to consider whether a claimant was suffering from opioid addiction at the time opioids were prescribed in determining whether said prescription was reasonable.
It is not within my purview to make a determination as to whether or not the continued prescription of opioids was reasonable or unreasonable, or whether Rish was suffering from opioid addiction. Such a determination will be left to the Commission on remand. However, there were a number of red flags in this case that must be considered. Specifically, Rish demonstrated a distinct pattern of seeking opioid pain medication from different physicians, and abandoning those physicians as soon as they took measures to wean her off of opioids. This behavior was exemplified by Rish’s reaction to Dr. Zoe’s attempt to titrate her opioid medication over a several-week reduction period. The Referee found that when Dr. Zoe informed Rish that she would be weaned off of opioids she “started screaming,” and thereafter “did not make or attend any follow-up appointments to cooperate with attempts to wean her from her opiate addiction.” Drs. Friedman, Gussner, and Cook each also concluded that Rish should be taken off of opioids. But, Rish appears to have been unwilling to take steps towards weaning herself off of opioids, even going so far as to refuse the opportunity to enter into a rehabilitation program at Elks Hospital. This behavior led the Referee to conclude that “[Rish] has refused some conservative treatment measures and has been uncooperative with others. She has changed physicians when a discontinuation of narcotics prescriptions was announced or seemed imminent.” This finding is unrelated to MMI and should be considered in determining whether the continuation of opioid treatment was reasonable.
In conclusion, I would emphasize that because the Commission’s original order has been vacated, it is now up to the Commission to determine whether or not facts other than MMI and the retrospective efficacy of treatment lead it to the same ultimate assessment of the reasonableness of the treatment provided to Rish.